IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC D. WALKER,<br>Plaintiff, | ::<br>::<br>:: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | ::<br>:: | |
| CITY OF ATLANTA et al.,<br>Defendants. | ::<br>:: | CIVIL ACTION NO.<br>1:14-CV-3164-TWT-LTW |

### ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the Will County Adult Detention Center in Joliet, Illinois. Plaintiff, pro se, seeks damages under 42 U.S.C. § 1983 regarding his visit to Atlanta, Georgia in April 2013. (Doc. 6.)

The Court granted Plaintiff leave to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. § 1915A. (Doc. 3.) The Court found that Plaintiff's complaint did not state a claim upon which relief may be granted, but allowed him to file an amended complaint that includes more facts. (*Id.*) Plaintiff filed an amended complaint, (Doc. 6), and a motion to supplement the amended complaint, (Doc. 8). The amended complaint now must be screened.

### I.   The 28 U.S.C. § 1915A Standard

Federal courts must screen a prisoner complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be

granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also must dismiss a complaint if the alleged facts do not state a plausible claim for relief. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff cannot satisfy those requirements, or fails to provide factual allegations in support of his claim, the complaint may be dismissed. *Id.* at 737-38.

## II.   Plaintiff's Claims[1]

Plaintiff is an Illinois resident who visited Atlanta in March 2013. On April 1, 2013, Plaintiff was walking to the Magic City nightclub in Atlanta when two police officers in plain clothes got out of a police car and asked Plaintiff what he threw on

---

[1] The factual allegations are taken from Plaintiff's amended complaint, (Docs. 6, 8), and presumed true for purposes of the § 1915A screening. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

the ground. Plaintiff replied that he had thrown nothing.

The officers then grabbed Plaintiff and threw him to the ground to arrest him for littering. In the process of arresting him, the officers hit Plaintiff and one officer put his knee in Plaintiff's back. The officers then handcuffed Plaintiff and emptied his pockets. Plaintiff asked to be taken to the hospital, but the officers denied the request. Plaintiff does not know the officers' names.

The officers took Plaintiff to the Atlanta City Jail. Plaintiff saw a nurse there and requested medical treatment. The nurse denied medical treatment, and a captain at the jail also denied Plaintiff's request for medical treatment despite Plaintiff telling him he had a hard time breathing. Plaintiff does not know the nurse's or captain's names.

A court sentenced Plaintiff to ten days in the city jail for littering. Because he was denied medical treatment at the jail, Plaintiff went on a hunger strike. Plaintiff was then taken to Grady Hospital, where he received treatment for several hours.

When Plaintiff completed his ten-day sentence in the city jail on approximately April 10, 2013, a Fulton County sheriff's deputy picked him up on an outstanding warrant and took him to the county jail. The warrant was for a probation violation by David L. Walker. Plaintiff told officials at the county jail that he was not David L.

Walker and had no outstanding warrant. Plaintiff was released a few hours later when officials learned he was not the person identified in the warrant. Plaintiff then returned to Illinois.

Plaintiff contends that he suffered unidentified injuries to his wrists, back, neck, and face during the arrest, as well as some degree of hearing loss. Plaintiff contends he also suffered mental anguish, suffered damage to his reputation, and incurred other expenses as a result of the arrest and ten-day confinement.

Plaintiff seeks damages from the unknown officers who arrested him and denied him medical care at the city jail. Plaintiff also seeks damages from the city, the county, the chief of police, and the county sheriff for the allegedly unlawful arrest, search, confinement, use of force, and denial of medical care. Plaintiff asserts his claims under both § 1983 and state law.

### III. Analysis

While Plaintiff's amended complaint contains more facts than his original complaint, those facts do not state a plausible claim under § 1983. Plaintiff's allegations "merely create[] a suspicion [of] a legally cognizable right of action" and do not "nudge[ his] claims across the line from conceivable to plausible." *See Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Court addresses each claim below.

"Under the Fourth Amendment, an individual has a right to be free from 'unreasonable searches and seizures' . . . [and] an arrest is a seizure of the person. The 'reasonableness' of a seizure or arrest under the Fourth Amendment turns on the presence or absence of probable cause." *Case v. Eslinger*, 555 F.3d 1317, 1326 (11th Cir. 2009) (citation and internal quotation marks omitted). "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *Id.* at 1327.

Plaintiff has alleged no facts supporting a plausible finding that the police officers lacked probable cause to arrest him for littering. There are no facts about what the officers observed or knew at the time they arrested Plaintiff other than that they told Plaintiff they saw him throw something on the ground. The officers had the authority to arrest Plaintiff for any littering they observed, as littering is a misdemeanor under Georgia law. *See* O.C.G.A. § 16-7-43.

Because Plaintiff has not stated a viable claim that his arrest was unlawful, Plaintiff also has not stated a viable claim that the search of his person incident to that

5

arrest was unlawful. An officer may, incident to a lawful arrest, search the arrestee's person and the area within his immediate control. *Arizona v. Gant*, 556 U.S. 332, 338-39 (2009).

Nor do the factual allegations support a plausible finding that the officers used excessive force in arresting Plaintiff. The Fourth Amendment allows the degree of physical force that an objectively reasonable officer would believe is necessary under the circumstances of the arrest. *Penley v. Eslinger*, 605 F.3d 843, 849-50 (11th Cir. 2010). The totality of the circumstances must be considered. *Id.* The amended complaint contains no factual allegations to support a finding that it was objectively unreasonable for the officers to place Plaintiff on the ground, hit his body, and place a knee in his back to restrain and handcuff him. The "labels and conclusions" of "excessive force" that appear throughout the amended complaint are not sufficient to state a plausible claim that the officers used excessive force. *See Twombly*, 550 U.S. at 555.

Delayed or denied access to medical care for jail inmates may violate the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To state such a claim, a plaintiff must allege facts that plausibly show: (1) the plaintiff had a serious medical need; (2) the defendant was deliberately indifferent to that need; and (3) there is a

6

causal connection between that indifference and the plaintiff's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). When the claim is that medical treatment was delayed, courts consider "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007). A defendant is deliberately indifferent only if he: (1) subjectively knew of a risk of serious harm; (2) disregarded that risk; and (3) displayed conduct beyond gross negligence. *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010).

Plaintiff does not state when during his ten-day confinement at the city jail that he was taken to the hospital following his hunger strike. Plaintiff's allegation that he did not receive medical treatment immediately upon arriving at the jail does not state a viable claim of deliberate indifference. The alleged facts do not support a plausible finding that any jail official knew of a risk of serious harm if Plaintiff did not receive immediate care. Nor do they support a finding that any jail official deliberately ignored such a risk or was more than grossly negligent in denying Plaintiff's initial requests for treatment. Finally, there are no facts to support a finding that the delay in giving Plaintiff medical care, even if it was more than a few days, caused a serious medical condition to worsen or exposed Plaintiff to a substantial risk of harm. The

AO 72A
(Rev.8/82)

allegations may support a finding of negligence under state law, but that is not sufficient to state a deliberate indifference claim under § 1983. *See Estelle*, 429 U.S. at 106.

Plaintiff's claims against the city, county, police chief, and sheriff are derivative of his claims against the individual officers in that Plaintiff alleges that the government entities and supervisory officials failed to properly train and supervise those officers. Government entities and supervisors are not vicariously liable under § 1983 for the misconduct of their employees, but are liable only for their own unconstitutional conduct under a standard that is "extremely rigorous." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotation marks omitted). Because Plaintiff has not stated a viable claim that a subordinate officer violated his constitutional rights, his claims that the supervisory officials and entities are liable under § 1983 for improperly training or supervising those officers also fail.[2] *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1308-09 (11th Cir. 2009).

---

[2] Plaintiff's allegations that the police chief and sheriff knew the subordinates would commit constitutional violations are spurious because Plaintiff does not even know the subordinates' identities. There is no basis upon which Plaintiff can allege what a supervisor knew about an unknown subordinate.

A plaintiff must include in his complaint "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (quotation marks omitted). Plaintiff's amended complaint fails that test as to his § 1983 claims against unidentified officials. Because Plaintiff has not stated a viable claim under federal law, the Court should dismiss his state-law claims without prejudice to his pursuit of those claims in the proper forum. *See* 28 U.S.C. § 1367(c).

### IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims under federal law be **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. **IT IS RECOMMENDED** that Plaintiff's claims under state law be **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motion to supplement his amended complaint [8] is **GRANTED**.

**SO ORDERED & RECOMMENDED**, this 10 day of November, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)